WADE, Appellant, vs. SHEBOYGAN COUNTY, Respondent.

*February 7—March 5, 1918.*

*Officers: Ratification of acts of agent: Superintending construction*
*of bridges: Compensation: Claim against county.*

1. Public officers may ratify those acts of an agent which they had
   authority to direct him to do when done and which they could
   authorize at the time of ratification.
2. Thus where a town chairman was, by virtue of sub. 8 (4), sec.
   1317*m*—5, Stats. 1915, *ex officio* a member of the county state
   road and bridge committee, and as such member, but without
   any specific direction of the committee, superintended the con-
   struction of certain bridges in the town, and where such com-
   mittee, which might in the first instance have authorized him
   to do such work, with full knowledge of the facts approved his
   bill for the compensation specified in sub. 8 (1), sec. 1317*m*—5,
   Stats. 1915, and recommended its allowance by the county
   board, there was a complete ratification of his acts, and his
   claim, being legal and just, could not lawfully be disallowed.

APPEAL from a judgment of the circuit court for Sheboy-
gan county: W. B. QUINLAN, Judge.   *Reversed.*

Plaintiff was chairman of the town of Greenbush, which
had voted to pay a portion of the cost of the construction of
four bridges within its limits.   By virtue of sub. 8 (4), sec.
1317*m*—5, Stats. 1915, that made him *ex officio* a member
of the county state road and bridge committee.   As such
member, but without any specific direction of the committee,
he superintended the construction of the four bridges.   Sub.
8 (1), sec. 1317*m*—5, provides for the compensation of such
services by the county board.   His per diem and expenses
amounted to $23.90, and for that amount he rendered a bill
which was unanimously approved by the county state road
and bridge·committee before it was presented to the county
board for allowance.   The county board first allowed the
claim, then five days later rescinded its action, and the next
day disallowed it.   Plaintiff appealed to the circuit court

for Sheboygan county, and from a judgment of that court affirming the action of the county board he appealed to this court.

The cause was submitted for the appellant on the brief of *M. C. Mead* of Plymouth, and for the respondent on that of *Charles Voigt* of Sheboygan.

VINJE, J: No claim is made that the per diem and items of expense were not in accordance with the facts or the statute, if plaintiff was entitled to recover at all. It does not appear why the county board finally disallowed the claim. The circuit court disallowed it on the ground that .plaintiff was not authorized by the county state road and bridge committee to superintend or inspect the work before he did so, and this is the fact. But he presented to the committee his itemized bill for his per diem and expenses for such work, and the bill was examined by the committee and unanimously recommended for allowance. The committee could have authorized the inspection in the first instance; failing in that, it could disavow, ignore, or ratify the acts of plaintiff when they came to its knowledge. They chose to ratify them. Clearer evidence of ratification than here exists can scarcely be found. It is made a matter of record by the proceedings of the county board. And when the committee, with full knowledge of all the facts, approved of the bill, the acts of plaintiff in superintending the construction of the bridges became as lawful as if he had been directed by it in the first instance to do so; and the county board could not lawfully disallow the claim because it was a just one and legally incurred. Under familiar principles public officers may ratify those acts of an agent which they had authority to direct him to do when done and which they could authorize at the time of ratification. Mechem, Pub. Off. § 534; *Koch v. Milwaukee,* 89 Wis. 220, 62 N. W. 918; *Frederick v. Douglas Co.* 96 Wis. 411, 424, 71 N. W. 798. The facts of this case

bring it squarely within those principles and the claim should have been allowed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for $23.90, with interest and costs.